560 F.2d 1177
 Robert E. X. CARROLL, Appellant,
and
Ronnie Rankin, Henry Clifford Byrd, Bruce Ruchmond, Larry
Levon X. Hugus, Maceo Carmon, Fred X. Crawford,
Louis Pittman, Plaintiffs,
v.
Mr. BROWN, Supt., Asheboro Prison Unit; Grievance
Commissioner, N. C. Grievance Committee; David L. Jones,
Commissioner, N. C. Dept of Correction; Ralph Edwards,
Director of N. C. Dept. of Correction; C. W. Husband,
Captain, Asheboro Prison Unit, Appellees.
Robert E. X. CARROLL, Appellant,
and
Ronnie Rankin, Louis Pittman, Hames Harris, Gregory Barrett,
Plaintiffs,
v.
David L. JONES, Individually and in his capacity as
Secretary of North Carolina Department of Corrections, and
C. W. Husband, Individually and in his capacity as Captain
of Asheboro North Carolina prison, and Mr. Ray, Individually
and in his capacity as Lieutenant of Asheboro Prison, and H.
B. Sheperd, Individually and in his capacity as Area
Administrator of Department of Correction, and Officer
Neston, Individually and in his official capacity as Sgt. of
Department of Correction, Appellees.
Robert E. X. CARROLL, Appellant,
v.
David L. JONES, Secretary, Individually and in his official
capacity as Secretary of the North Carolina Department of
Correction, and C. W. Husband, Individually and in his
official capacity as Captain of Department of Correction,
and Mr. Charles Stevenson, Individually and in his official
capacity as officer of Department of Correction, and Mr.
Simmons, Individually and in his official capacity as
officer of Department of Correction, and Mr. Brewer,
Individually and in his official capacity as Sgt. of
Department of Correction, and H. B. Shepherd, Individually
and in his official capacity as Captain of Department of
Correction, and members of Region Disciplinary Committee, Appellees.
 No. 77-1044.
 United States Court of Appeals,
Fourth Circuit.
 Argued Aug. 11, 1977.
Decided Sept. 1, 1977.
 
 John D. Elliott and Scott A. Elliott (Randall M. Chastain, Columbia, S. C., University of South Carolina Law Center, on brief), for appellant.
 Ben G. Irons, II, Associate Atty. Gen. (Rufus L. Edmisten, Atty. Gen. of N. C., Raleigh, N. C., on brief), for appellees.
 Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal covers the latest chapter in the outrageous abuse of 42 U.S.C. § 1983 by the appellant Robert E. X. Carroll.[1] Carroll, either alone or with other named plaintiffs, filed nine civil rights actions in the district court alleging a broad spectrum of constitutional deprivations.[2] The district court granted the defendants' motions for summary judgment and appeals were filed in each case. The three cases presently before us were consolidated on appeal by order of this court.[3]
 
 
 2
 In each of these cases the plaintiffs primarily challenge the conditions of confinement at the Randolph County Unit and the Yadkin County Unit of the North Carolina prison system, and since they were not class actions and no damages were sought, the appeals might properly be dismissed for mootness since it is conceded that neither Carroll nor any of his co-plaintiffs are presently incarcerated at either of these Units. See Preiser v. Newkirk,422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). In any event, however, upon consideration of the records, briefs and oral arguments, we conclude that the district court's summary dismissal of these actions was proper and, accordingly, the judgments are affirmed.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 The record discloses that prior to the institution of the actions involved in this appeal, Carroll had filed some twenty-three such law suits in the district courts of North Carolina
 
 
 [2]
 Typical of the charges in the complaints is the claim of one plaintiff that he was not provided with dandruff shampoo while another alleged that he was provided shampoo to which he was allergic. Carroll and the other plaintiffs are members of the Black Muslim faith, and although the record showed that an adequate pork-free diet was available to them, they contend that the prison authorities had the affirmative duty to furnish them a diet of vegetables and fruits, including mangos and pomegranates, since such food was compatible with the teachings of their religion
 
 
 [3]
 The remaining cases were disposed of by us, and the district court affirmed, in Carroll v. Zanthos, No. 76-1341 (July 18, 1977)